**CITY INVESTING COMPANY,
GDV, Inc.**

v.

**Edwin J. SIMCOX, Secretary of State of Indiana, Stephen M. Coons, Securities Commissioner, Indiana Securities Division, Office of Secretary of State, Theodore L. Sendak, Attorney General of Indiana, Stokely-Van Camp, Inc., Intervenor.**

No. IP 79–462–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

July 27, 1979.

Harry L. Gonso, Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., for plaintiffs.

Jerry P. Belknap and James A. Strain, Barnes, Hickam, Pantzer & Boyd, Ronald J. Semler, Deputy Atty. Gen., Theodore L. Sendak, Atty. Gen. of Ind., Indianapolis, Ind., for defendants.

## OPINION

HOLDER, District Judge.

This is an action, filed June 1, 1979, against defendants, Simcox, Secretary of State of the State of Indiana, Coons, Securities Commissioner of the State of Indiana, and Sendak, Attorney General of the State of Indiana, by City Investing Company, a Delaware corporation with its principal place of business in New York City and its subsidiary, GDV, Inc., also a Delaware corporation with its principal place of business in New York City. The complaint, which is in three counts, avers that in applying the Indiana Takeover Offers Act (Ind. Code § 23–2–3.1–1 et seq.) to the conduct of the plaintiffs in connection with GDV's purchases of the stock of Stokely-Van Camp, Inc. ("Stokely"), an Indiana corporation with its principal place of business in Indianapolis, defendants have denied plaintiffs due process of law and that the Takeover Offers Act violates the Supremacy and Commerce Clauses on its face and as applied. The complaint demands a declaratory judgment, an order preliminarily and permanently enjoining defendants from taking any action to enforce the Takeover Offers Act against City and GDV in connection with their purchases of Stokely Stock, and money damages in an unspecified amount. On June 8, 1979, Stokely moved to intervene as a party defendant, and the motion was granted on June 12, 1979. Stokely's answer was filed on June 25, 1979. On July 20, 1979, defendants, Simcox, Coons and Sendak, orally moved in open court to strike the claim for money damages in the complaint. The motion was granted. Defendants, Simcox, Coons and Sendak, closed the issues by responding to the complaint in open court on the record. On July 3, 1979, plaintiffs moved for an order "temporarily and preliminarily enjoining the Defendants * * * from issuing or enforcing any Cease and Desist Order, any other Order, or taking any other action whatsoever to enforce or apply the Indiana Takeover Offers Act, I.C. 23–2–3.1–1, *et seq.* and the Indiana Securities Regulation Act, I.C. 23–2–1–1, *et seq.* in connection with City's and GDV's purchase of the shares of Stokely-Van Camp, Inc." (Motion for Temporary Restraining Order and Preliminary Injunction, filed July 3, 1979). Plaintiffs contended that they were denied a fair hearing before an unbiased decision maker, due to alleged prejudgment of the case by defendant, Coons, and that the Takeover Offers Act violates the Supremacy and Commerce

Clauses of the Unitied States Constitution both on its face and as applied to City and GDV in this case. (Plaintiffs' Memorandum of Law, filed July 3, 1979, at pp. 1–2). The claim of unconstitutionality as applied was withdrawn in open court by plaintiffs on July 20, 1979. The Court set July 20th for hearing on the motion. On that date, pursuant to Federal Rules of Civil Procedure 65, the Court ordered the motion consolidated with trial on the merits of the permanent injunction claim and received evidence from all parties. Arguments were heard, and supplemental memoranda received, on July 23rd. The Court, being fully advised in the premises, finds that the case is now ready for decision.

Defendants, Simcox, Coons and Sendak, are respectively Secretary of State, Securities Commissioner and Attorney General of the State of Indiana. Defendant, Stokely, is an Indiana corporation with its principal place of business and substantial assets in Indiana. Plaintiffs, City Investing and GDV, are Delaware corporations with their principal places of business in New York City.

On May 22, 1979, defendant, Coons, following an investigation pursuant to Ind. Code § 23–2–3.1–10(a), issued an order preliminarily directing plaintiffs to cease and desist from purchases of Stokely stock until they had complied with the Takeover Offers Act and the anti-fraud provisions of the Indiana Securities Regulation Act (Ind. Code § 23–2–1–12). The cease and desist order provided for a prompt hearing upon request of plaintiffs. On May 22, 1979, as authorized by Ind. Code § 23–2–3.1–10(a), the State of Indiana on relation of defendant, Coons, instituted an action for injunctive relief in the Superior Court for Marion County and obtained from Judge Applegate of that court an order temporarily restraining plaintiffs from making further purchases of Stokely shares. On June 1, 1979, plaintiffs filed motions to dissolve the temporary restraining order and cease and desist order and to dismiss the complaint. In support of their motions, plaintiffs argued that application of the Takeover Offers Act to their conduct violated the Supremacy and Commerce Clauses of the United States Constitution. On June 4, 1979, Judge Applegate held an evidentiary hearing on the State's motion for a preliminary injunction, and defendant, Coons, testified at the hearing. At the hearing argument was also received on plaintiffs' motion to set aside the cease and desist order and to dismiss the complaint. At the hearing, substantive testimony was heard from one witness and five documents were received in evidence, but a substantial part of the evidence offered by the State was excluded on technical objections by plaintiffs. At the conclusion of the hearing, the State's motion for a preliminary injunction was denied, and plaintiffs' motions, *inter alia*, to set aside the cease and desist order, were denied. "Findings of Fact and Order" were entered by Judge Applegate on June 7, 1979.

On June 7, 1979, defendant, Coons, ordered that an administrative hearing be held on June 15, 1979, on the merits of the May 22nd cease and desist order. On June 11, 1979, plaintiffs filed a verified answer and counterclaim in the Superior Court action. Count II of the counterclaim demanded an injunction, asserting as irreparable injury that plaintiffs "are and will continue to be subject to penalties for failure to comply with the unconstitutional provisions of the Takeover Act." This claim is still pending. On June 13, 1979, asserting the same grounds of unfairness now raised before this Court, plaintiffs made emergency application to Judge Applegate for an order setting aside the May 22nd cease and desist order and prohibiting the hearing set for June 15th. After a hearing on June 14, 1979, Judge Applegate set aside the cease and desist on the sole ground that a hearing was required, but expressly refused to prohibit the June 15th hearing or any other action by defendant, Coons.

On June 15, 1979, defendant, Coons, held a day-long administrative hearing. At the hearing plaintiffs were represented by three attorneys from the Indianapolis firm of Bingham Summers Welsh and Spilman and the New York firm of Skadden, Arps, Slate, Meagher & Flom who participated

fully at the hearing in examination, cross examination and argument. Defendant, Stokely, similarly participated through its counsel. The testimony of five witnesses was taken at the hearing, and transcripts of the deposition testimony of five additional witnesses were received, together with the exhibits thereto. Twenty-five further exhibits, including the affidavits of two additional persons, were also admitted in evidence. On June 19, 1979, defendant, Coons, entered a cease and desist order containing numerous findings of fact and conclusions of law, and accompanied by a five page opinion, finding that plaintiffs had violated the Takeover Offers Act and the anti-fraud provisions of the Indiana Securities Regulation Act and enjoining them from acquiring additional shares of Stokely stock until they were in compliance. Defendant, Coons, determined that the intentional public dissemination by plaintiffs of false and misleading statements regarding their intentions to acquire in excess of 15% and as much as 20% of Stokely's shares both violated the anti-fraud provisions of the Indiana Securities Regulation Act and constituted a "takeover offer" as defined in Section 1(i) of the Takeover Offers Act. On July 6, 1979, plaintiffs noticed an appeal to the Indiana Court of Appeals from the June 19, 1979 opinion and cease and desist order of defendant, Coons. The appeal was docketed in the Indiana Court of Appeals on July 19, 1979. The notice of appeal asserts the Fourteenth Amendment and Supremacy and Commerce Clause claims made by plaintiffs in this Court. In addition, the notice of appeal raises numerous questions concerning the construction and applicability of the Takeover Offers Act, including the issues of the application of the definition "takeover offer" to their conduct and the availability of exemptions under the Takeover Offers Act.

The defendant, Coons, has held no bias or prejudice against plaintiffs at any time, did not prejudge the issues heard by him on June 15th and decided in the June 19th opinion and cease and desist order, and has conducted himself at all times pursuant to the powers conferred upon him under the laws of the State of Indiana.

Defendants have not engaged in any activity to harass plaintiffs nor have they attempted to do so.

Plaintiffs will not be injured if the equitable relief demanded is not granted by this Court. The stated decision of the principal officers of plaintiffs, before the initiation of any proceedings by defendants, is to discontinue their purchases of Stokely stock on the ground that the nation is in a recession.

The Court has jurisdiction over the parties and the subject matter of this action.

The plaintiffs have failed to prove all of the essential legal elements of their amended complaint by a preponderance of the evidence.

Plaintiffs have failed to prove the irreparable injury which is a prerequisite to the equitable relief demanded.

Plaintiffs' appeal to the Indiana Court of Appeals from the June 19th cease and desist order is an adequate remedy at law.

The defendants have not deprived plaintiffs of due process of law under the Fourteenth Amendment of the United States Constitution.

■ Although there is a case or controversy in the sense that the defendant's, Coons', cease and desist order applies to plaintiffs, plaintiffs do not have standing to assert the rights of a bidder to make a tender offer in asserting facial unconstitutionality of the Takeover Offers Act on the theory that it conflicts with rights of a bidder to make a tender offer under Section 14(d) of the Williams Act, 15 U.S.C. § 78n(d) and impose an impermissible burden on the ability of a bidder to make a tender offer in interstate commerce since they claim to have no intention of making a tender offer for Stokely.

■ There is a question of state law which could be dispositive and render it unnecessary for this Court to decide the federal constitutional questions raised by plaintiffs. Specifically, in their appeal to the Indiana Court of Appeals, plaintiffs

question whether their activities, involving massive open market purchases designed to achieve ownership of an announced specific and substantial percentage of a target company's shares, constitute a "takeover offer" as defined in the Takeover Offers Act. This is a question of first impression in Indiana state law. As a result of the presence of the foregoing question of state law, this Court must abstain from deciding the merits of plaintiffs' constitutional claims.

Before proceedings of substance were begun in this action, plaintiffs had the opportunity to, and did, raise in the action initiated in the Superior Court for Marion County (and presently pending in the Circuit Court of Johnson County), and in their appeal to the Indiana Court of Appeals from the June 19th cease and desist order all the issues now raised in this Court.

■ The injunctive relief plaintiffs seek is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. Plaintiffs' contention that the Anti-Injunction Act is inapplicable because they seek only to enjoin the State defendants from enforcing the June 19th cease and desist order and do not seek to enjoin pending state judicial proceedings is without legal significance.

■ The Takeover Offers Act does not stand as an obstacle to the accomplishment of the purposes of the Williams Act. It is, therefore, not pre-empted. The Takeover Offers Act is not pre-empted because its provisions are different form those chosen by Congress in enacting the Williams Act.

■ The Takeover Offers Act does not impermissibly burden interstate commerce in the prosecution of tender offers since Congress has given the states the right to regulate such transactions in Section 28(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78bb(a) (1976).

Even if Congress had not authorized the states' regulation in the area of tender offers, the Takeover Offers Act would not constitute an impermissible burden on interstate commerce since (1) it regulates evenhandedly; (2) it furthers the legitimate interests of the State of Indiana in regulating the relationship between a corporation with substantial ties to Indiana and its shareholders; and (3) the burdens imposed on interstate commerce in complying with it are slight and incidental to its effectuation.

Based upon the findings of fact and conclusions of law in the captioned action;

IT IS ADJUDGED that plaintiffs' request for declaratory and injunctive relief is denied, and their action is dismissed with prejudice. Judgment is entered in favor of defendants and against plaintiffs on all counts of plaintiffs' complaint with costs to the defendants.