483 F.Supp. 116 (1980)
CHROMALLOY AMERICAN CORPORATION, Plaintiff,
v.
SUN CHEMICAL CORPORATION; Norman E. Alexander; Jefferies and Company, Inc., Defendants.
No. 79-935C(2).
United States District Court, E. D. Missouri, E. D.
January 14, 1980.
*117 Jim J. Shoemake, Guilfoil, Symington, Petzall & Shoemake, W. Stanley Walch, Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for plaintiff.
Veryl L. Riddle and Thomas C. Walsh, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendants' motion for partial summary judgment and motion to strike. Plaintiff brought this suit alleging violations of the Williams Act provisions of the Securities Exchange Act, 15 U.S.C. §§ 78m(d), 78n(d) and (e), the Missouri Takeover Bid Disclosure Act, § 409.500 et seq. R.S.Mo. (1975), and § 203 of the Delaware General Corporation Law.
Plaintiff initially moved for extensive preliminary injunctive relief, and a hearing was held on that motion on August 14, 1979. On August 20, 1979, that motion was granted in part and denied in part. 474 F.Supp. 1341 (E.D.Mo.). That decision has been affirmed on appeal. 611 F.2d 240 (8th Cir. 1979).
Defendants now move for summary judgment on four counts of this five count complaint. These counts charge that defendants have engaged in a tender offer without complying with the applicable provisions of the Williams Act or the related Missouri and Delaware Acts. In support of this motion, defendants rely principally on the evidence adduced at the hearing on the preliminary injunction.
After that hearing, this Court found that:
. . . Defendants' lengthy history of purchases was conducted almost entirely on the open market. The one purchase made off the exchange involved a normal block purchase transaction. This block purchase involved no solicitation of shares, no premiums offered, no time limit, and no minimum purchase contingency. . . . The evidence adduced in support of this preliminary injunction showed no pressure whatsoever placed on the shareholders.
Id. at 1346-47. Plaintiff has produced no evidence in response to the present motion for summary judgment to cause this Court to deviate from these prior conclusions. Rather, plaintiff has merely argued that *118 evidence will be produced at trial. It is axiomatic that a party may not rest on the unsubstantiated allegations in its complaint in response to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure. A party must come forth with evidence showing material issues of fact which must be resolved at trial. Plaintiff has not done so.
This Court must therefore reiterate its prior conclusions:
. . . On the record as it now stands, there is no way defendants' purchases could be considered a tender offer within the meaning of any of these statutes. Regardless of the ultimate meaning ascribed to "tender offer" under the Williams Act, see, for example, "The Developing Meaning of Tender Offer Under the Securities Exchange Act of 1934", 86 Harv.L.R. 1250 (1973), this Court is certain that the situation presented here could not fall within that definition.
Id. at 1346-47. Defendants' motion for summary judgment on Counts I and II will therefore be granted.[1]
Count V claims that defendants' activities violated Section 203 of the Delaware General Corporation Law. This statute has been found to have been preempted by the Williams Act and to be unconstitutional as an improper burden on interstate commerce in Dart Industries v. Conrad, 462 F.Supp. 1 (S.D.Ind.1978). Furthermore, there is no reason to believe that defendants' actions constitute a "tender offer" under that statute. Defendants' motion for summary judgment on Count V will therefore be granted.
A similar result must be reached with respect to Count IV, which alleges that defendants' actions violated the Missouri Takeover Bid Disclosure Act. Initially, it should be noted that the Missouri Act is quite similar to the Delaware Act, and is therefore likely to suffer from similar infirmities. See, also Great Western United Corp. v. Kidwell, 577 F.2d 1256 (5th Cir.), rev'd on other grounds 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); Televest, Inc. v. Bradshaw, No. 79-722-R (E.D.Va. Sept. 3, 1979); cf. City Investing Co. v. Simcox, 476 F.Supp. 112 (S.D.Ind.1979). It is clear, however, that this Court should refrain from ruling on constitutional issues when such decisions are unnecessary to the resolution of the dispute presently before it. Under the circumstances of this case, this Court must conclude that defendants have not violated the Missouri Act.
Under § 409.505(3)(b) R.S.Mo. (1979), the following type of offer is exempt from the provisions of the Act:
An offer to purchase shares to be effected by a registered broker-dealer on a stock exchange or in the over-the-counter market if the broker performs only the customary broker's function and receives no more than the customary broker's commissions, and neither the principal nor the broker solicits or arranges for solicitation of orders to sell shares of the offeree company;
As this Court stated on August 20, 1979, there has been no evidence that shares were solicited or that defendants' brokers performed more than the customary brokers' functions or received more than the customary commission. Plaintiff has not produced evidence to the contrary in response to the present motion for summary judgment. Therefore, defendants' motion for summary judgment as to Count IV will be granted.
Defendants have also moved to strike all references to Sun's alleged noncompliance with environmental and occupational health and safety laws. With respect to such allegations which are contained in Counts I, II, IV, and V, this motion is now moot. In Count III, of its complaint, plaintiff has alleged that Sun's Schedule 13D is materially false and misleading due to its *119 failure to disclose these matters. This Court can find no authority for the proposition that such matters must be disclosed in a Schedule 13D, and therefore defendants' motion to strike will be granted.
The Securities and Exchange Commission has specifically set out in its rules and regulations those matters which must be disclosed. There is no mention of anything approaching the type of detailed information plaintiff would now have this Court order disclosed. In fact, proposals for similar disclosure requirements have been rejected by the Commission with respect to much more comprehensive reports which must be filed. Natural Resources Defense Council v. SEC, 606 F.2d 1031 (D.C.Ct.App. April 20, 1979). This Court will not now take it upon itself to impose such disclosure requirements.
Plaintiff should keep in mind that the Williams Act is meant for the protection of investors, not incumbent management. The legislation is not meant to aid entrenched management in warding off potentially beneficial takeover bids. Piper v. Chris-Craft Industries, 430 U.S. 1, 27, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977). "The Congress expressly disclaimed an intention to provide a weapon for management to discourage takeover bids or prevent large accumulations of stock which would create the potential for such attempts." Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 58, 95 S.Ct. 2069, 2076, 45 L.Ed.2d 12 (1975). Plaintiff's allegations concerning environmental disclosure, with the attendant extensive discovery, seem little more than a dilatory tactic. Defendants' motion to strike will therefore be granted.
NOTES
[1] Even were this Court to consider the evidence that plaintiff claims that it will present at trial, the conclusion would be the same. The fact that prior publicity effected the large purchases made by defendants in late September and early October is irrelevant to whether defendants' activities constituted a tender offer. This publicity was undoubtedly caused in large part by the bringing of the suit by plaintiff.